In the Matter of the General Assignment for the Benefit of Creditors of 1200 OCEAN PARKWAY, INC., Assignor, to BERNARD SOLOMON, Assignee.

Supreme Court, Special Term, Kings County, November 15, 1938.

*George J. Kirschenstein*, for the assignee, for the motion.

*John J. Bennett, Jr., Attorney-General [George F. Mullay, Assistant Attorney-General*, of counsel], appearing specially for Morris S. Tremaine, as Comptroller of the State of New York.

SMITH (PETER P.), J.   The assignee for the benefit of creditors has instituted this proceeding to compel repayment to him from the Department of Taxation and Finance of the State of New York of the sum of $385 which is allegedly due upon the surrender of a retail liquor license formerly held by the assignor.   The respondent, appearing specially, challenges the venue of the proceeding, upon the ground that the proceeding should be brought in the Third Judicial District since it is within that district that the Comptroller's office is located and his business conducted.   In support of the contention respondent refers to section 1287 of the Civil Practice Act.   That section specifies that a proceeding against a public body or officer must be brought within the judicial district embracing the county wherein such body or officer made the determination complained of or refused to perform its or his duty.

The assignee was appointed and the debtor resided in Kings county and, in justification for instituting the instant proceeding in the latter county, he invokes the provisions of section 2 of the Debtor and Creditor Law.   That section, in so far as material, reads: " All applications hereunder made in the Supreme Court shall be made to the court, or a justice thereof within the judicial district where the assignment is recorded, and all proceedings and hearings under this article had in the Supreme Court  *  *  * shall be had at a Special Term of said court held in the county where the debtor resided at the time of the assignment."

The question raised herein is whether the language of section 2 of the Debtor and Creditor Law requires a procedure, as against a public body or officer, different from that prescribed by section 1287 of the Civil Practice Act.

The sections which have been respectively invoked by the parties are not conflicting upon the question of the proper location of venue.   On the contrary, the two sections are readily reconcilable. Section 1287 of the Civil Practice Act specifies the place of venue generally where the proceeding is against a public body or officer. Section 2 of the Debtor and Creditor Law restricts the place of venue only if the proceeding involves rights or duties specifically conferred or enjoined upon the assignee or others by the very provisions of the Debtor and Creditor Law itself.   The foregoing conclusion seems clearly justified because of the inclusion in section 2 of the expression " all applications *hereunder* " and " all proceedings and hearings *under this article.*"   Obviously, a proceeding against a public body or officer, as here, is not one specifically contemplated or regulated by the provisions of the Debtor and Creditor Law and consequently the requirement of venue, as therein given, has no application to the present situation.

The motion must, therefore, be denied with leave to the assignee to proceed in the proper district.